■ In the Matter of the Claim of HARRY PAPPAS, Respondent, v. MORRIS GREEN COFFEE SHOP et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of Workmen's Compensation Board which found claimant suffering from a continuing disability relating to an industrial accident. The claimant, 57 years old, while engaged in his regular employment, struck his left leg against a wooden case which caused an ulcer in the distal portion of the leg. For many years prior to the date of the accident the claimant had suffered from a condition of varicose veins but he testified he had lost no time nor suffered any disability as a result of that condition. Subsequent to the accident he suffered pain and swelling in the leg which continued after there developed a superficial covering of very thick

skin over the ulcer and which, one of the doctors stated did not represent healing. Two of the other doctors testified the ulcer was fully healed. There was medical testimony that the best procedure for correcting the condition was to have a ligation, stripping of the varicosities of the left leg. The only issue concerns the medical testimony. The accident happened on July 29, 1956 and as a result of the pre-existing varicose veins, an ulcer developed. There was a gradual healing of the condition but the claimant suffered from new conditions which continued, swelling, pain, inability to walk more than two to three blocks, inability to stand for any long period of time, all of which conditions were not present before the accident. One of the doctors testified that as of January 15, 1958 he was disabled and another testified that as of October 7, 1958 he was partially disabled. Both of these doctors recommended surgical ligation and stated the condition from which he suffered was causally related to the accident. The carrier's doctor testified that there was a remote possibility of such relationship and that the accident and the pre-existing condition produced the complaints. While there was some conflict of medical testimony as to the causal relationship and sequela, the record definitely established that the claimant, while afflicted with varicose veins, had worked regularly and had no previous trouble but almost immediately following the accident, the ulcer developed; that while it healed partially or completely, he still continued to suffer pain and swelling, was unable to stand for any long period or do any extensive walking and that he was either permanently or partially disabled more than two years subsequent to the accident. There was medical testimony that the best method of treatment for the condition existing was by surgical ligation and we are satisfied that when the board made a finding in favor of the claimant, there was substantial evidence to support its determination. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.